IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SEGWAY INC., DEKA PRODUCTS LIMITED PARTNERSHIP, and NINEBOT (TIANJIN) TECHNOLOGY CO., LTD., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. _____ |
| INVENTIST, INC., | ) ) | |
| Defendant. | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Segway Inc., DEKA Products Limited Partnership, and Ninebot (Tianjin) Technology Co., Ltd., by way of Complaint against Inventist, Inc., allege as follows:

**THE PARTIES**

1. Segway Inc. ("Segway") is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 14 Technology Drive, Bedford, New Hampshire 03110. Segway is an innovative technology company that designs, develops, manufactures, distributes and services patented personal transporters that have been publicly sold in the United States since 2002.

2. DEKA Products Limited Partnership ("DEKA") is a limited partnership organized and existing under the laws of the state of New Hampshire, having a principal place of business at 340 Commercial St., Ste. 401, Manchester, New Hampshire 03101. DEKA's sole general partner is DEKA Research & Development Corp., a New Hampshire corporation that focuses on the research and development of innovative technologies, including certain technologies on which Segway's patented personal transporters are based.

3.      Ninebot (Tianjin) Technology Co., Ltd. ("Ninebot") is a corporation organized and existing under the laws of the People's Republic of China, having a principal place of business at Building 9, Jiasuqi, Tianrui Rd Science and Technology Park Center, Auto Industrial Park, Wuqing, Tianjin, China.  Ninebot manufactures personal transporters under the "Ninebot" brand name.

4.      On information and belief, Inventist, Inc. ("Inventist") is a corporation organized and existing under the laws of the state of Washington, with its principal place of business at 4901 NW Camas Meadows Drive, Camas, Washington 98607.

5.      On information and belief, Inventist is in the business of designing and manufacturing products such as personal transporter devices.

## JURISDICTION AND VENUE

6.      This action arises under the patent laws of the United States.  This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

7.      Inventist is subject to personal jurisdiction in this District because it has conducted and does conduct business within the United States and the State of Delaware. Inventist, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells, and advertises products that infringe the patent claims involved in this action in this District.  Inventist has purposefully availed itself of the privileges of conducting business in the United States, and more specifically in this District.  Inventist sought protection and benefit from the laws of the State of Delaware by placing infringing products into the stream of commerce through an established distribution channel with the awareness and/or intent that they will be purchased by consumers in this District.

8.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and/or 28 U.S.C. § 1400(b).

## SEGWAY'S PERSONAL TRANSPORTERS

9.     Segway created the market for personal transporters when it introduced the first self-balancing, zero-emission personal vehicle in 2001:   the Segway$^®$ Human Transporter (now known as the Segway Personal Transporter (PT)).   Founded on a vision to develop highly-efficient, zero-emission transportation solutions using dynamic stabilization technology, Segway's research and development was focused on creating devices that took up a minimal amount of space, were extremely maneuverable and could operate on pedestrian sidewalks and pathways.

10.     Since August 2006, Segway has sold its second generation of personal transporter vehicles, which include the patented LeanSteer$^{TM}$ technology.   The initial models were:   the i2, with thin non-marking tires for most urban and suburban paved surfaces; and the x2, with deeply-treaded, all-terrain tires for off-road uses.   Both models were sold and distributed with the Reference Manual attached hereto as Exhibit A.

## THE ASSERTED PATENTS

11.     DEKA is the owner of U.S. Patent No. 6,302,230 (the "'230 patent") which is attached as Exhibit B.   The '230 patent discloses and claims a personal transporter with a balance monitor and a method for using such a transporter.   Segway is the exclusive licensee under the '230 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA.   Ninebot is an affiliate of Segway and a sub-licensee under the '230 patent.

12.     DEKA is the owner of U.S. Patent No. 6,651,763 (the "'763 patent") which is attached as Exhibit C.   The '763 patent discloses and claims a personal transporter

capable of modulating its motion to alert an operator to a specified condition. Segway is the exclusive licensee under the '763 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA. Ninebot is an affiliate of Segway and a sub-licensee under the '763 patent.

13.     DEKA is the owner of U.S. Patent No. 7,023,330 (the "'330 patent") which is attached as Exhibit D. The '330 patent discloses and claims an alarm system for a personal transporter that alerts an operator to a specified condition by modulating the motion of the transporter. Segway is the exclusive licensee under the '330 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA. Ninebot is an affiliate of Segway and a sub-licensee under the '330 patent.

14.     DEKA is the owner of U.S. Patent No. 7,275,607 (the "'607 patent") which is attached as Exhibit E. The '607 patent discloses and claims improved controllers for a transporter. Segway is the exclusive licensee under the '607 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA. Ninebot is an affiliate of Segway and a sub-licensee under the '607 patent.

15.     DEKA is the owner of U.S. Patent No. 7,479,872 (the "'872 patent") which is attached as Exhibit F. The '872 patent discloses and claims an alarm system and a method for alerting the operator of a personal transporter to a specified condition by shaking the transporter. Segway is the exclusive licensee under the '872 patent in the relevant consumer transporter field pursuant to a license agreement with DEKA. Ninebot is an affiliate of Segway and a sub-licensee under the '872 patent.

## COUNT I – INFRINGEMENT OF '230 PATENT

16.     Plaintiffs reallege, as if fully set forth herein, the averments contained in paragraphs 1-15.

17.     On information and belief, Inventist has been and is now directly infringing the '230 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States personal transporters that practice or embody one or more claims of the '230 patent, including but not limited to the SOLOWHEEL Classic, SOLOWHEEL Xtreme, SOLOWHEEL Orbit, and Hovertrax products.  Inventist is therefore liable for direct infringement of the '230 patent under 35 U.S.C. § 271(a).

18.     On information and belief, Inventist has knowledge of the '230 patent or has acted with willful blindness to its existence.  Since at least October 2011, all Segway model i2 and x2 personal transporters have had affixed to them a label that reads "Patents: http://www.segway.com/downloads/pdfs/ReferenceManual.pdf."[1]   The Reference Manual to which one is directed by this label contains, on pp. 141 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters, including the '230 patent.  These personal transporters were the original such personal transporters in the United States and world markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United States patents.  Further, Inventist has had actual knowledge of the '230 patent at least as of the filing of this complaint.

19.     On information and belief, Inventist has been and is now indirectly infringing the '230 patent by actively inducing others, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 17 above, to

---

[1]     The Reference Manual for the i2 and x2 personal transporters is now located at http://www.segway.com/segway-resources/downloads/pdfs/ReferenceManual.pdf.

directly infringe one or more claims of the '230 patent.  On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified above directly infringe one or more claims of the '230 patent.  Further, on information and belief, Inventist, by providing at least manuals, training, guides, videos and/or demonstrations, induces distributors, customers and/or end-users of the personal transporters identified in paragraph 17 to perform acts intended by Inventist to cause direct infringement of one or more claims of the '230 patent.  On information and belief, as discussed in paragraph 18, Inventist has knowledge of the '230 patent or has acted with willful blindness to its existence.  Inventist is therefore liable for inducing infringement of the '230 patent under 35 U.S.C. § 271(b).

20.    On information and belief, Inventist has been and is now indirectly infringing the '230 patent by contributing to infringement by others of one or more claims of the '230 patent, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 17 above.  On information and belief, Inventist contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of one or more claims of the '230 patent and are not staple articles of commerce suitable for substantial non-infringing use.  On information and belief, as discussed in paragraph 18, Inventist had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '230 patent and are not staple articles of commerce suitable for substantial non-infringing use. Inventist is therefore liable for contributory infringement of the '230 patent under 35 U.S.C. § 271(c).

21.     As a result of its infringement of the '230 patent, Inventist has damaged Plaintiffs.  Inventist is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

22.     Inventist's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law.  Unless enjoined by this Court, Inventist will continue to infringe the '230 patent.

## COUNT II – INFRINGEMENT OF '763 PATENT

23.     Plaintiffs reallege, as if fully set forth herein, the averments contained in paragraphs 1-22.

24.     On information and belief, Inventist has been and is now directly infringing the '763 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States personal transporters that practice or embody one or more claims of the '763 patent, including but not limited to the SOLOWHEEL Classic, SOLOWHEEL Xtreme, and SOLOWHEEL Orbit products.  Inventist is therefore liable for direct infringement of the '763 patent under 35 U.S.C. § 271(a).

25.     On information and belief, Inventist has knowledge of the '763 patent or has acted with willful blindness to its existence.  Since at least October 2011, all Segway model i2 and x2 personal transporters have had affixed to them a label that reads "Patents: http://www.segway.com/downloads/pdfs/ReferenceManual.pdf."   The Reference Manual to which one is directed by this label contains, on pp. 141 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters, including the '763 patent.  These personal transporters were the original such personal transporters in the United States and world

markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United States patents.  Further, Inventist has had actual knowledge of the '763 patent at least as of the filing of this complaint.

26.     On information and belief, Inventist has been and is now indirectly infringing the '763 patent by actively inducing others, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 24 above, to directly infringe one or more claims of the '763 patent.  On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified above directly infringe one or more claims of the '763 patent.  Further, on information and belief, Inventist, by providing at least manuals, training, guides, videos and/or demonstrations, induces distributors, customers and/or end-users of the personal transporters identified in paragraph 24 to perform acts intended by Inventist to cause direct infringement of one or more claims of the '763 patent.  On information and belief, as discussed in paragraph 25, Inventist has knowledge of the '763 patent or has acted with willful blindness to its existence.  Inventist is therefore liable for inducing infringement of the '763 patent under 35 U.S.C. § 271(b).

27.     On information and belief, Inventist has been and is now indirectly infringing the '763 patent by contributing to infringement by others of one or more claims of the '763 patent, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 24 above.  On information and belief, Inventist contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of one or more claims of the '763 patent and are not staple articles of commerce suitable for substantial non-infringing use.  On information and belief, as discussed in

paragraph 25, Inventist had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '763 patent and are not staple articles of commerce suitable for substantial non-infringing use. Inventist is therefore liable for contributory infringement of the '763 patent under 35 U.S.C. § 271(c).

28.     As a result of its infringement of the '763 patent, Inventist has damaged Plaintiffs. Inventist is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

29.     Inventist's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law. Unless enjoined by this Court, Inventist will continue to infringe the '763 patent.

## COUNT III – INFRINGEMENT OF '330 PATENT

30.     Plaintiffs reallege, as if fully set forth herein, the averments contained in paragraphs 1-29.

31.     On information and belief, Inventist has been and is now directly infringing the '330 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States personal transporters that practice or embody one or more claims of the '330 patent, including but not limited to the SOLOWHEEL Classic, SOLOWHEEL Xtreme, and SOLOWHEEL Orbit products. Inventist is therefore liable for direct infringement of the '330 patent under 35 U.S.C. § 271(a).

32.     On information and belief, Inventist has knowledge of the '330 patent or has acted with willful blindness to its existence. Since at least October 2011, all Segway model

i2 and x2 personal transporters have had affixed to them a label that reads "Patents: http://www.segway.com/downloads/pdfs/ReferenceManual.pdf." The Reference Manual to which one is directed by this label contains, on pp. 141 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters, including the '330 patent. These personal transporters were the original such personal transporters in the United States and world markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United States patents. Further, Inventist has had actual knowledge of the '330 patent at least as of the filing of this complaint.

33.     On information and belief, Inventist has been and is now indirectly infringing the '330 patent by actively inducing others, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 31 above, to directly infringe one or more claims of the '330 patent. On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified above directly infringe one or more claims of the '330 patent. Further, on information and belief, Inventist, by providing at least manuals, training, guides, videos and/or demonstrations, induces distributors, customers and/or end-users of the personal transporters identified in paragraph 31 to perform acts intended by Inventist to cause direct infringement of one or more claims of the '330 patent. On information and belief, as discussed in paragraph 32, Inventist has knowledge of the '330 patent or has acted with willful blindness to its existence. Inventist is therefore liable for inducing infringement of the '330 patent under 35 U.S.C. § 271(b).

34.     On information and belief, Inventist has been and is now indirectly infringing the '330 patent by contributing to infringement by others of one or more claims of the '330 patent, including distributors, customers and end-users who use, sell or offer to sell the

personal transporters identified in paragraph 31 above.  On information and belief, Inventist contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of one or more claims of the '330 patent and are not staple articles of commerce suitable for substantial non-infringing use.  On information and belief, as discussed in paragraph 32, Inventist had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '330 patent and are not staple articles of commerce suitable for substantial non-infringing use. Inventist is therefore liable for contributory infringement of the '330 patent under 35 U.S.C. § 271(c).

35.     As a result of its infringement of the '330 patent, Inventist has damaged Plaintiffs.  Inventist is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

36.     Inventist's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law.  Unless enjoined by this Court, Inventist will continue to infringe the '330 patent.

## COUNT IV – INFRINGEMENT OF '607 PATENT

37.     Plaintiffs reallege, as if fully set forth herein, the averments contained in paragraphs 1-36.

38.     On information and belief, Inventist has been and is now directly infringing the '607 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States personal transporters that practice or embody one or

more claims of the '607 patent, including but not limited to the Hovertrax product.  Inventist is therefore liable for direct infringement of the '607 patent under 35 U.S.C. § 271(a).

39.     On information and belief, Inventist has knowledge of the '607 patent or has acted with willful blindness to its existence.  Since at least October 2011, all Segway model i2 and x2 personal transporters have had affixed to them a label that reads "Patents: http://www.segway.com/downloads/pdfs/ReferenceManual.pdf."    The Reference Manual to which one is directed by this label contains, on pp. 141 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters, including Patent Application Publication No. 20050121866, which is the published application that ultimately issued as the '607 patent.  These personal transporters were the original such personal transporters in the United States and world markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United States patents.  Further, Inventist has had actual knowledge of the '607 patent at least as of the filing of this complaint.

40.     On information and belief, Inventist has been and is now indirectly infringing the '607 patent by actively inducing others, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 38 above, to directly infringe one or more claims of the '607 patent.  On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified above directly infringe one or more claims of the '607 patent.  Further, on information and belief, Inventist, by providing at least manuals, training, guides, videos and/or demonstrations, induces distributors, customers and/or end-users of the personal transporters identified in paragraph 38 to perform acts intended by Inventist to cause direct infringement of one or more claims of the '607 patent.  On information and belief, as discussed in paragraph 39, Inventist has knowledge of the

'607 patent or has acted with willful blindness to its existence.  Inventist is therefore liable for inducing infringement of the '607 patent under 35 U.S.C. § 271(b).

41.     On information and belief, Inventist has been and is now indirectly infringing the '607 patent by contributing to infringement by others of one or more claims of the '607 patent, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 38 above.  On information and belief, Inventist contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of one or more claims of the '607 patent and are not staple articles of commerce suitable for substantial non-infringing use.  On information and belief, as discussed in paragraph 39, Inventist had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '607 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Inventist is therefore liable for contributory infringement of the '607 patent under 35 U.S.C. § 271(c).

42.     As a result of its infringement of the '607 patent, Inventist has damaged Plaintiffs.  Inventist is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

43.     Inventist's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law.  Unless enjoined by this Court, Inventist will continue to infringe the '607 patent.

## COUNT V – INFRINGEMENT OF '872 PATENT

44.     Plaintiffs reallege, as if fully set forth herein, the averments contained in paragraphs 1-43.

45.     On information and belief, Inventist has been and is now directly infringing the '872 patent by making, using, selling, and/or offering for sale in the United States and/or importing into the United States personal transporters that practice or embody one or more claims of the '872 patent, including but not limited to the SOLOWHEEL Classic, SOLOWHEEL Xtreme, and SOLOWHEEL Orbit products.  Inventist is therefore liable for direct infringement of the '872 patent under 35 U.S.C. § 271(a).

46.     On information and belief, Inventist has knowledge of the '872 patent or has acted with willful blindness to its existence.  Since at least October 2011, all Segway model i2 and x2 personal transporters have had affixed to them a label that reads "Patents: http://www.segway.com/downloads/pdfs/ReferenceManual.pdf."   The Reference Manual to which one is directed by this label contains, on pp. 141 and 142, a list of Segway patents and applications that cover the i2 and x2 personal transporters, including the '330 patent, the '763 patent, and the '230 patent.  The '872 patent is a continuation of the '330 patent, which is a division of the '763 patent, which is a continuation-in-part of the '230 patent.  These personal transporters were the original such personal transporters in the United States and world markets, and were recognized as pioneering and inventive, and therefore one would believe that they were almost certainly covered by United States patents.  Further, Inventist has had actual knowledge of the '872 patent at least as of the filing of this complaint.

47.     On information and belief, Inventist has been and is now indirectly infringing the '872 patent by actively inducing others, including distributors, customers and end-

users who use, sell or offer to sell the personal transporters identified in paragraph 45 above, to directly infringe one or more claims of the '872 patent.  On information and belief, distributors, customers and end-users who use, sell or offer to sell the personal transporters identified above directly infringe one or more claims of the '872 patent.  Further, on information and belief, Inventist, by providing at least manuals, training, guides, videos and/or demonstrations, induces distributors, customers and/or end-users of the personal transporters identified in paragraph 45 to perform acts intended by Inventist to cause direct infringement of one or more claims of the '872 patent.  On information and belief, as discussed in paragraph 46, Inventist has knowledge of the '872 patent or has acted with willful blindness to its existence.  Inventist is therefore liable for inducing infringement of the '872 patent under 35 U.S.C. § 271(b).

48.  On information and belief, Inventist has been and is now indirectly infringing the '872 patent by contributing to infringement by others of one or more claims of the '872 patent, including distributors, customers and end-users who use, sell or offer to sell the personal transporters identified in paragraph 45 above.  On information and belief, Inventist contributes to such infringement at least by providing to such distributors, customers and end-users, personal transporters or components thereof, which are specially made or adapted for use in an infringement of one or more claims of the '872 patent and are not staple articles of commerce suitable for substantial non-infringing use.  On information and belief, as discussed in paragraph 46, Inventist had knowledge or acted with willful blindness to the fact that the personal transporters or components thereof are specially made or adapted for use to infringe the '872 patent and are not staple articles of commerce suitable for substantial non-infringing use.  Inventist is therefore liable for contributory infringement of the '872 patent under 35 U.S.C. § 271(c).

49.     As a result of its infringement of the '872 patent, Inventist has damaged Plaintiffs. Inventist is liable to Plaintiffs in an amount to be determined at trial that adequately compensates Plaintiffs for the infringement, which by law can be no less than a reasonable royalty.

50.     Inventist's acts have caused, and unless restrained and enjoined, will continue to cause, irreparable injury and damage to Plaintiffs for which there is no adequate remedy at law. Unless enjoined by this Court, Inventist will continue to infringe the '872 patent.

## PRAYER FOR RELIEF

51.     Plaintiffs request that:

a.      Judgment be entered that Inventist has directly and indirectly infringed the '230 patent, '763 patent, '330 patent, '607 patent, and '872 patent literally and/or under the doctrine of equivalents, and that Plaintiffs are entitled to damages due to Inventist's infringement of the '230 patent, '763 patent, '330 patent, '607 patent, and '872 patent pursuant to 35 U.S.C. § 284;

b.      For an accounting, including a post-judgment accounting, to determine the damages to be awarded to Plaintiffs as a result of all of Inventist's making, using, selling, offering for sale, or importing of any product or service falling within the scope of any claim of the '230 patent, '763 patent, '330 patent, '607 patent, or '872 patent, or otherwise infringing any claim of the '230 patent, '763 patent, '330 patent, '607 patent, or '872 patent;

c.      Judgment be entered that this is an exceptional case, and that Plaintiffs are entitled to its reasonable attorney's fees pursuant to 35 U.S.C. § 285;

d.      Judgment be entered that Plaintiffs are entitled to interest and costs of suit, including pre-judgment and post-judgment interest and costs pursuant to 35 U.S.C. § 284;

e.       Judgment be entered permanently enjoining Inventist and its parents, subsidiaries, affiliates, successors, and assigns, and each of their officers, directors, employees, representatives, agents, attorneys, and all persons acting in concert or active participation with them, or on their behalf, or within their control, from making, using, selling, offering for sale, or importing any product or service falling within the scope of any claim of the '230 patent, '763 patent, '330 patent, '607 patent, or '872 patent, or otherwise infringing any claim of the '230 patent, '763 patent, '330 patent, '607 patent, or '872 patent; and

f.       For such other and further relief as the Court may deem just and proper under the circumstances.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mant.com
dfahnestock@mnat.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Tony V. Pezzano
Michael P. Dougherty
Christopher C. Carnaval
KING & SPALDING
1185 Avenue of the Americas
New York, NY  10036
(212) 556-2100

Jeffrey M. Telep
KING & SPALDING
1700 Pennsylvania Avenue NW
Suite 200
Washington, DC  20006
(202) 737-0500

Maureen K. Toohey
TOOHEY LAW GROUP LLC
340 Commercial Street
Manchester, NH  03101
(603) 206-0200

Ping Gu
ZHONG LUN LAW FIRM
36-37/F, SK Tower
6A Jianguomenwai Avenue
Chaoyang District
Beijing 100022
People's Republic of China
86-10-5957-2288

September 11, 2015